# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMERICAN STATES INSURANCE CO.,** | : | 3:02cv1678 |
| **Plaintiff** | : | |
| v. | : | (Judge Munley) |
| | : | |
| **COMPONENT TECHNOLOGIES, INC.,** | : | |
| **GRANART SURFACING, INC., GEORGE** | : | |
| **SZEGEDY, MOSES TAYLOR HOSPITAL,** | : | |
| **SORDONI CONSTRUCTION SERVICES,** | : | |
| **INC., GSGSB, GSGSB/H,** | : | |
| **THE HILLIER GROUP,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court is Plaintiff American States Insurance Co.'s ("American") declaratory judgment action seeking clarification of its duties to defend and indemnify insured Defendants Component Technologies, Inc. and Granart Surfacing, Inc. for potential liabilities stemming from a suit brought in state court by Defendant Moses Taylor Hospital. Plaintiff does not contest its duty to defend and is indeed defending the underlying action. Liability has not been established in the underlying case. Therefore, on August 31, 2005, we ordered the parties to file a brief on the issue of the ripeness of the present action for adjudication. On September 9, 2005, American filed a brief in support of the ripeness of this case. No other party has filed a brief and the time for such filing has passed. For the following reasons, we will dismiss this case as unripe.

**I.    Discussion**

"The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." Peachlum v. City of York, 333 F.3d 429,


433 (3d Cir. 2003) (quoting Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454 (3d Cir. 1994)). Ripeness is a question of timing and "its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Taylor v. Upper Darby, 983 F.2d 1285, 1290 (3d Cir. 1993) (quoting Abbott Lab. v. Gardner, 387 U.S.136, 148 (1967)).

"As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action." Cincinnati Ins. Companies v. Pestco, Inc., 374 F. Supp. 2d 451, 465 (W.D. Pa. 2004) (citing Home Ins. Co. v. Law Offices of Jonathan DeYoung, 107 F. Supp. 2d 647, 650 (E.D. Pa.2000), Home Ins. Co. v. Perlberger, 900 F. Supp. 768, 773 (E.D. Pa.1995). The Third Circuit "has recognized that considerations of ripeness are sufficiently important that the court is required to raise the issue *sua sponte* even though the parties do not." Peachlum, 333 F.3d at 433.

The following three factors determine whether the matter is ripe for declaratory relief: 1) whether the parties' interests are sufficiently adverse; 2) whether the court can issue a conclusive ruling in light of potentially evolving factual developments; and 3) whether the decision will render practical help to the parties. Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir. 1990).

Plaintiff argues that this case is ripe for adjudication because our resolution of the issues presented would provide guidance for the parties in the underlying action and possibly facilitate a settlement. We find that this case is not ripe.

The first <u>Step Saver</u> factor, the adversity of the interests of the parties, dictates that this case is not ripe. At present, the parties interests are not adverse. Plaintiffs have assumed a duty to defend Defendants in the underlying lawsuit. Rather than having divergent interests, they share the interest of proving that Defendants are not liable in the underlying suit. If we declare that Plaintiff has a duty to indemnify the insured for some damages but not others, we provide a disincentive for Plaintiff to properly defend the entire suit. Defendant has a duty to defend the entire suit, not just those claims that it will have a duty to indemnify. <u>Biborosch v. Transamerica Ins. Co.</u>, 603 A.2d 1050, 1093-94 (Pa. Super. Ct. 1992) (providing that even if some claims in an underlying complaint fall outside the terms of insurance coverage, the insurer is obligated to defend the entire action against the insured if the policy would potentially cover some claim). Our resolution of this matter would create a conflict between Plaintiff's duty to defend and its interest in avoiding coverage. Thus, we find that at present, the parties' interests are not sufficiently adverse.

The second <u>Step-Saver</u> factor also weighs in favor of dismissing this case because we cannot provide a conclusive ruling. Here, any declaratory ruling in this action regarding Plantiff's duty to indemnify would be contingent upon the insureds subsequently being held liable in the underlying suit. Plaintiff's suit requires that we discern the extent of its duty under an insurance contract to indemnify Defendants for liabilities. The extent of its duty to indemnify, however, depends on the extent of the liabilities that at present are merely hypothetical. Thus, our ruling would not be conclusive. <u>See</u> <u>Step-Saver</u>, 912 F.2d at 648 (finding an action for declaratory judgment unripe where the declaration would outline which

3

of two parties would be responsible for a liability that had yet to be established).

Finally, we find that the third factor, the usefulness of the judgment, also weighs in favor of dismissal. Plaintiff argues that our judgment will be useful to help it settle the underlying case. Under this argument, every advisory opinion would be helpful in the sense that it allows a party or potential litigant to seek legal advice from an Article III judge. Settlement, of course, is no foregone conclusion, and our opinion in this case may be of no utility at all in the event that the underlying suit proceeds to trial and Defendants are absolved of liability. On the other hand, in the event of a settlement, we are confident that able counsel could structure a settlement to preserve the issues raised before this Court while at the same time presenting a more concrete basis for adjudication. See Cay Divers, Inc. v. Raven, 812 F.2d 866, 870 (3d Cir. 1987).

Additionally, we find Plaintiff's reliance on ACandS, Inc., v. Aetna Cas. & Sur. Co., 666 F. 2d 819 (1981) misplaced. ACandS holds that an insurer's declaratory action to determine its duty to *defend* an underlying suit prior to a finding of liability is justiciable. Id. at 823. It says nothing regarding the ripeness of an insurer's declaratory action to determine its duty to *indemnify* an insured for damages that have yet to be established. The duty to defend is significantly broader than the duty to defend, it is based solely on a reading of the complaint, and is not contingent on the imposition of liability. Gene's Restaurant, Inc. v. Nationwide Ins. Co., 548 A.2d 246 (1988). Thus, the duty to defend is an entirely distinct determination. Furthermore, this duty is not at issue because Plaintiff is defending the underlying suit. "[W]here there is a duty to defend, the duty to indemnify must await resolution of the

4

underlying suits." United Nat. Ins. Co. v. Dunbar & Sullivan Dredging, 953 F.2d 334, 338 (7th Cir. 1992).

Accordingly, we find that the present controversy is not sufficiently definite or concrete to be justiciable.[1]  At present, Plaintiff seeks a declaration of its duty to indemnify Defendants for liabilities they may never incur.[2]  Plaintiff has assumed a duty to defend Defendants for all claims in the underlying action.  Thus, their interests are the same: they both seek to prevent Defendants' liability in the underlying suits altogether.  Our judgment would merely provide advice and guidance to Plaintiff as to how to proceed through settlement negotiations.  This is precisely the type of abstract disagreement that the ripeness doctrine is designed to avoid.  Therefore, we will dismiss the instant case without prejudice to Plaintiff's ability to file suit following the imposition of liability in the underlying suit by settlement or otherwise.

---

[1] Additionally, we decline to exercise our power to issue a declaratory judgment for the reasons discussed *supra*.  Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1227-28 (3d Cir. 1989).

[2] We recognize that Plaintiff's interests are presently adverse to the non-insured defendants' interests.  However, we find that the lack of a concrete dispute and the hypothetical nature of the duty at issue dictates that this case is not ripe.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMERICAN STATES INSURANCE CO.,** | : | 3:02cv1678 |
| **Plaintiff** | : | |
| v. | : | (Judge Munley) |
| | : | |
| **COMPONENT TECHNOLOGIES, INC.,** | : | |
| **GRANART SURFACING, INC., GEORGE** | : | |
| **SZEGEDY, MOSES TAYLOR HOSPITAL,** | : | |
| **SORDONI CONSTRUCTION SERVICES,** | : | |
| **INC., GSGSB, GSGSB/H,** | : | |
| **THE HILLIER GROUP,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 15th day of September 2005, Plaintiff's action for declaratory judgment of its duty to indemnify the insured defendants (Doc. 1) is hereby **DISMISSED** without prejudice because it is not ripe for adjudication. The portion of Plaintiff's complaint seeking declaratory judgment on its duty to defend is hereby **DISMISSED** as moot without prejudice because Plaintiff has willingly supplied a defense in the underlying action. The Clerk of Courts is directed to close this case in this district.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES MUNLEY**
**United States District Court**